UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDRE PICARD,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>COLVILLE TRIBAL CORRECTIONAL FACILITY, COLVILLE TRIBAL JAIL, COLVILLE TRIBAL COURT, and CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>　　　　　　Respondents. | NO. 2:20-CV-0427-TOR<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL |

BEFORE THE COURT are Andre Picard's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion to Appoint Counsel (ECF No. 13). Respondents answered the petition and filed relevant portions of the tribal court record. ECF No. 15. Petitioner replied. ECF Nos. 19, 20. Petitioner appears *pro se* and the Respondents are represented by attorney Marty M. Raap. While this matter was heard without oral argument, the Court has reviewed the entire record, the parties'

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL ~ 1

1  completed briefing and is fully informed.  For the reasons discussed below, the

2  Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DENIES

3  as moot the Motion to Appoint Counsel (ECF No. 13).

## BACKGROUND

On August 29, 2018, Petitioner was sentenced to a total of 720 days imprisonment for three separate criminal offenses.  ECF No. 15-1.  Each individual offense carried a sentence of less than one year, but the sentences were to be served consecutively.  *Id*.  Petitioner filed an appeal with the Colville Tribal Court of Appeals challenging the imposition of consecutive sentences that resulted in a period of confinement exceeding one year and the use of the Colville Tribal Correctional Center for long-term confinement.  ECF No. 15 at 3-4.  While the Court of Appeals action was still pending, Petitioner filed a Petition for Writ of Habeas Corpus with this Court on July 16, 2019.  *See* No. 2:19-CV-0244-TOR, ECF No. 1.  The Court dismissed the petition because Petitioner had not exhausted his tribal remedies.  No. 2:19-CV-0244-TOR, ECF No. 11.  The Tribal Court of Appeals issued its ruling on January 20, 2020 affirming Petitioner's consecutive sentences but declining to review Petitioner's allegations regarding the use of the Correctional Center for long-term confinement because the issue had not been raised in the trial court.  ECF No. 15 at 4.

On November 19, 2020, Petitioner filed this Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 1303 seeking relief on two grounds: (1) the imposition of consecutive sentences resulting in a cumulative period of incarceration exceeding one year violates the Indian Civil Rights Act, and (2) the use of the Colville Tribal Correctional Facility for long-term confinement violates the Indian Civil Right Act. ECF No. 1 at 3. At the time of filing, Petitioner was incarcerated at the Colville Tribal Correctional Facility. ECF No. 15-4. He has since been moved to the Okanogan County Jail. ECF No. 17. Respondents filed an Answer on February 4, 2021 opposing the habeas petition on the grounds that Petitioner's consecutive sentences do not violate any law and because Petitioner has not exhausted his tribal remedies. ECF No. 15 at 3-4.

On January 15, 2021, Petitioner filed a Motion to Appoint Counsel. ECF No. 13. Respondents did not address the motion in their Answer to the Petition for Habeas Corpus. ECF No. 15.

## DISCUSSION

I.  **Legal Standard**

Petitions for Writ of Habeas Corpus filed by a tribal prisoner are governed by § 1303 of the Indian Civil Rights Act ("ICRA"). 25 U.S.C. § 1303. Section 1303 provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." *Id.* In the Ninth Circuit, two requirements must be satisfied

before a district court will hear a § 1303 habeas petition: (1) the petitioner must be in custody, and (2) the petitioner must first exhaust tribal remedies. *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010) (quotes, brackets and citation omitted).

The rules governing habeas petitions under § 2254 are applicable to habeas petitions filed under § 1303. 28 U.S.C. § 2254, Rule 1(b). Accordingly, a court will not grant a petition for a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner can show that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting § 2254(d)). Section 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citation omitted).

Two separate statutory subsections govern a federal court's review of state court factual findings:

> Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL ~ 4

decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007).  Importantly, a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro*, 550 U.S. at 473.

"[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)) (evidentiary hearing is not required where the petition raises solely questions of law or where the issues may be resolved on the basis of the state court record). Accordingly, the Court rejects any suggestion for an evidentiary hearing.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL ~ 5

contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits." *Id*. at 100. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 98.

## II.    Analysis

Petitioner alleges two violations of ICRA as grounds for relief in his habeas petition. First, he claims he has been incarcerated over one year in violation of 25 U.S.C. § 1302(a)(7)(B). ECF No. 1 at 3. Second, he claims the Colville Tribal Correctional Facility is not approved for confinement in excess of one year in violation of 25 U.S.C. § 1302(d)(1)(A). ECF No. 1 at 3.

As an initial matter, the Court finds Petitioner is in detention for the purposes of a § 1303 habeas petition. He was previously incarcerated at the Colville Tribal Correctional Center but has since been transferred to the Okanogan County Jail, thus satisfying the detention requirement. ECF Nos. 15-4, 17.

As to the exhaustion requirement, the Court finds Petitioner has not exhausted his tribal remedies with regard to his objection to the suitability of the Colville Tribal Correctional Center, but Petitioner has exhausted his tribal remedies with respect to his challenge as to the length of his sentence.

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING
MOTION TO APPOINT COUNSEL ~ 6

1  Nonetheless, Petitioner has failed to establish grounds upon which the Court can

2  grant his habeas petition.

3      **A.    Petitioner's Objection to Colville Tribal Correctional Center**

4      Petitioner has not exhausted his tribal remedies with regard to his claim that

5  the Colville Tribal Correctional Center is not a facility that has been approved by

6  the Bureau of Indian Affairs for long-term incarceration.  ECF Nos. 1 at 3, 19 at 1.

7  Defendants argue Petitioner failed to raise this issue before the trial court, instead

8  raising it for the first time on appeal to the Colville Tribal Court of Appeals.  ECF

9  No. 15 at 3-4; *Picard v. Colville Confederated Tribes*, No. AP18-016, 2020 WL

10 858912, *4 (Colville C.A. Jan. 29, 2020).  The Tribal Court of Appeals held

11 Petitioner's objection to the corrections facility was an issue of fact, and because

12 the issue had not been raised at the trial court, the Court of Appeals was unable to

13 decide the issue.  *Id*.  Because Plaintiff has failed to exhaust his tribal remedies as

14 to his objection to the Colville facility, this Court lacks jurisdiction to proceed on

15 the issue.

16     **B.    Petitioner's Challenge to Sentence Length**

17     Petitioner has exhausted his tribal remedies with respect to his claim that his

18 consecutive sentences unlawfully exceed one year.  ECF No. 1 at 3.  Respondents

19 argue Petitioner has not yet served a sentence exceeding one year and also that

20 Petitioner's sentence does not violate any law, as it was reviewed and upheld by

the Tribal Court of Appeals.  ECF No. 15 at 3-4.

First, Respondents' argument regarding Petitioner's actual time-served is without merit.  *See* ECF No. 15 at 3.  Petitioner's failure to return from furlough has no bearing on the legality of the length of his sentence.  At issue is whether the *imposition* of consecutive sentences that cumulatively exceed one year is permitted under ICRA as amended by the Tribal Law and Order Act of 2010.  It is irrelevant to the analysis whether those sentences are successfully completed.

In 2010, Congress enacted the Tribal Law and Order Act ("TLOA"), which expanded tribal self-governance in criminal matters.  25 U.S.C. § 1302 (2010)*; see also* Pub. L. No. 111-211, § 234, 124 Stat. 2258, 2279-82 (2010).  Prior to 2010, ICRA § 1302(7) prohibited tribal courts from imposing prison sentences in excess of one year for any one offense.  25 U.S.C. § 1302(7) (1968).  The term "any one offense" was not defined, which led to confusion regarding a tribal court's ability to impose consecutive prison sentences that collectively exceeded one year.  *See, e.g., Miranda v. Anchondo*, 684 F.3d 844 (9th Cir. 2012); *Bustamante v. Valenzuela,* 715 F. Supp. 2d 960 (D. Arizona, Apr. 1, 2010).  Nonetheless, courts in the Ninth Circuit routinely held consecutive sentences that exceeded one year were permissible under the statute.  *See, e.g., Miranda*, 684 F.3d at 848; *Bustamante*, 715 F. Supp. 2d at 965; *Ramos v. Pyramid Tribal Court, Bureau of Indian Affairs*, 621 F. Supp. 967, 970 (D. Nev. 1985).

The 2010 amendments clarified § 1302.  The statute now permits prison sentences of up to three years for "any [one] offense" and defines the term "offense" as "a violation of a criminal law."  25 U.S.C. §§ 1302(a)(7)(C), 1302(e). The amended statute also clarified that cumulative sentences of up to nine years are permissible.  25 U.S.C. § 1302(a)(7)(D); *see also Miranda*, 684 F.3d at 849 n.4. However, tribal courts imposing prison sentences exceeding one year must now comply with additional statutory requirements.  *See* 25 U.S.C. § 1302(c).

Here, Petitioner was sentenced by the tribal court in 2018 for three separate offenses, sentences to be served consecutively, totaling 720 days imprisonment with 180 days suspended.  ECF No. 15-1.  Thus, § 1302 as amended by TLOA applies.  Petitioner appealed the imposition of consecutive sentences to the Tribal Court of Appeals.  *Picard*, No. AP18-016, 2020 WL 858912.  The Tribal Court of Appeals thoroughly discussed the effects of the TLOA amendments, finding the Colville Tribe's statutory and court caselaw sufficiently met the additional requirements under the TLOA.  *Picard*, No. AP18-016, 2020 WL 858912 at *3. Those additional requirements include:

> (1) the right of effective assistance of counsel; (2) indigent defense by a bar licensed attorney; (3) a presiding judge to be licensed by any jurisdiction and to have sufficient training in presiding over criminal proceedings; (4) publicly available criminal laws, rules of evidence, rules of criminal procedure, and rules governing the recusal of judges; and (5) the court maintains a record of proceedings.

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL ~ 9

1  *Id.* at *2; *see also* 25 U.S.C. § 1302(c).

2  Specifically, the Court of Appeals found the Colville Tribes implemented the following policies to meet the requirements under TLOA § 1302(c): Colville Tribes provide indigent criminal defense services; the Colville Tribal Court has several licensed judges with sufficient legal training to preside over criminal proceedings; Colville tribal laws are publicly available through the Colville Tribes' official website; the Colville Court of Appeals decisions are also publicly available online; the Federal Rules of Evidence were adopted by tribal caselaw and are publicly available; the Colville Tribes' rules of criminal procedure are publicly available; Colville tribal caselaw provides rules of recusal for judges; and finally, the Colville Tribes have a standing practice of keeping records of its court proceedings. *Picard*, 2020 WL 8589412 at *3; *see also* Colville Confederated Tribes Current Code, https://www.cct-cbc.com/current-code.  The Tribal Court of Appeals affirmed the trial court's imposition of consecutive sentences. *Id*. at *4.

15  Petitioner does not challenge any of the procedural rules or policies adopted by the Colville Tribes, nor does he allege the absence of any required rules; he merely challenges the length of his consecutive sentences.  ECF No. 1 at 3. Having reviewed the Tribal Court of Appeals decision, the Court finds Petitioner has failed to establish an unreasonable application of clearly established Federal law or that his sentence resulted in a decision that was based on an unreasonable

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL ~ 10

determination of the facts. The Court denies the Petition for Writ of Habeas Corpus.

### III. Motion to Appoint Counsel

The Court need not address Petitioner's Motion to Appoint Counsel (ECF No. 13) as the matter is now moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Andre Picard's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

2. Andre Picard's Motion for Appointment of Counsel (ECF No. 13) is **DENIED as moot**.

3. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish a copy to the parties, and **close** the file.

**DATED** February 26, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL ~ 11